IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DOMINIQUE MOCEANU-CANALES**<br>211 Walden Ridge Dr.<br>Hinckley, Ohio 44233 | ) ) ) ) ) | CASE NO.:<br><br>JUDGE: |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| **UNITED STATES OF AMERICA**<br>c/o Michelle M. Baeppler<br>United States Attorney for the<br>Northern District of Ohio<br>801 West Superior Avenue, Ste. 400<br>United States Federal Courthouse<br>Cleveland, Ohio 44113 | ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| **JOHN DOE AND/OR JOHN DOE, INC.,**<br>**I-V**<br>**(Identities and addresses unknown)** | ) ) ) ) | |
| **Defendants.** | ) | |

Now comes Plaintiff, Dominique Moceanu-Canales ("Plaintiff"), by and through her undersigned counsel, and for her Complaint against Defendants, United States of America ("Defendant") and John Doe and/or John Doe, Inc. I-V ("Defendant(s) Doe"), states as follows:

**PARTIES**

1. Plaintiff resides at 211 Walden Ridge Dr. in Hinckley Township in Medina County, Ohio.

2. Defendant is a proper party pursuant to 28 USC §1346.

3. Defendant(s) Doe are individuals and/or business entities who may be legally liable to Plaintiff for the incident alleged herein and the damages flowing therefrom. The identities of Defendant(s) Doe remain unknown despite Plaintiff's due diligence.

**JURISDICTION AND VENUE**

4. This action arises under the Federal Tort Claims Act, 28 USC §1346(b) and 28 USC §§ 2671-2680.

5. Plaintiff's injuries as alleged herein were a result of the negligence of Angelique M. Kolcun ("Kolcun"), a United States Postal Service ("USPS") employee acting in the course and scope of her employment. On June 10, 2022, Plaintiff's tort claim was submitted to the USPS as required by 28 USC §2401(b) and 39 CFR 912. The USPS confirmed its receipt of the claim via correspondence dated June 17, 2022 (a copy of which is attached hereto as "Exhibit A").

6. As set forth in 28 USC §2675, "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

7. The USPS did not make a final disposition of the claim on or before December 19, 2022 (six months from June 17, 2022, the date of its acknowledged receipt of the claim), such that Plaintiff may deem the USPS' failure as a final denial of the claim.

8. This action is brought within six (6) months of December 19, 2022 in accord with 28 USC § 2401(b), 28 USC §2675, and 39 CFR 912.9(a).

9. Venue is proper in this Court under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## **COUNT ONE**

10. Plaintiff hereby incorporates all of the facts, statements and allegations contained in paragraphs 1 through 9 as if fully rewritten herein.

11. Plaintiff states that on or about January 22, 2022 (and while twenty-five weeks pregnant), she was operating her motor vehicle northbound on Hinckley Hills Road in Hinckley Township in Medina County, Ohio.

12. Plaintiff states that, at the same time, Kolcun, while operating a vehicle owned by the United States Postal Service ("USPS") and acting within the scope and course of her employment with the USPS, was also traveling northbound on Hinckley Hills Road and had pulled over to the right side of the roadway and stopped the USPS vehicle.

13. Plaintiff states that, as she began to pass to the left of the USPS vehicle at a safe distance, Kolcun did negligently fail to give way to Plaintiff's overtaking vehicle and attempt to make a u-turn in the roadway, thereby striking the right side of Plaintiff's vehicle and pushing it off the roadway and into a ditch.

14. Plaintiff states that as a direct and proximate result of Kolcun's negligence, she has been caused to suffer personal injuries, including, but not limited to, pain in her right hand.

15. Plaintiff states that as a direct and proximate result of Kolcun's negligence, she was required to seek emergency medical care and treatment.

16. Plaintiff states that as a direct and proximate result of Kolcun's negligence, she has incurred medical expenses.

17. Plaintiff states that as a direct and proximate result of Kolcun's negligence, she has been restricted in her normal activities, her health has been impaired, and her ability to perform normal daily tasks has been restricted.

18. Plaintiff states that as a further direct and proximate result of Kolcun's negligence, she has experienced pain and suffering and a loss of enjoyment of life.

19. Plaintiff states that, as she had previously suffered two pregnancy losses, she was also caused to suffer tremendous emotional distress following the collision relative to both the continued viability of her pregnancy and potential postnatal developments with her child.

WHEREFORE, Plaintiff, Dominique Moceanu-Canales, demands judgment against Defendants, United States of America and John Doe and/or John Doe, Inc., I-V, jointly, severally, and/or proportionately, on Count One in the amount of Sixty Thousand and 00/100 Dollars ($60,000.00).

THE BRUNN LAW FIRM CO., L.P.A.

/s *Thomas L. Brunn, Jr.*
Thomas L. Brunn, Jr. (0042453)
Alison D. Ramsey (0078121)
COUNSEL FOR PLAINTIFF
208 Hoyt Block
700 West St. Clair Avenue
Cleveland, Ohio  44113
Tel:  (216) 623-7300
Fax:  (216) 623-7330
Email: brunn@brunnlawfirm.com